(Court of Appeal, Parish of Orleans.)

## N. O. SCRAP METAL CO. VS. INTERSTATE TRUST AND BANKING CO.

An endorsement in blank makes a negotiable instrument payable to bearer, and its possession is prima facie evidence of title and payment may safely be made to the holder thereof.

Appeal from Civil District Court, Division E.

Parkerson, Bruenn & Breazeale, for Plaintiff and Appellant.

Howe, Spencer & Cocke, for Defendant and Appellee.

DUFOUR, J. This is a suit to recover from defendant the amount of seven checks alleged to have been fraudulently negotiated by one Goldman, who was the Secretary and Treasurer of the plaintiff company, and who was charged with active management of its affairs.

Some of the checks were drawn to the order of the plaintiff and were endorsed "N O. Scrap Metal Co., Walter Goldman, Secretary and Treasurer, Walter Goldman."

The amounts were charged to Goldman's individual credit in the bank.

While it is shown that the defendant bank had been notified that the funds of the Company could be withdrawn only on checks signed by two of the plaintiff's officers, yet the record does not show that the bank had been notified not to pay checks payable to its own order and endorsed by Goldman. His right to do so as manager cannot be denied.

The endorsement in blank made the negotiable instruments payable to bearer and possession of them justified payment to the holder. 1 Hen., p. 180.

It was not the bank's concern whether Goldman drew out the money or had it passed to his personal account; it was protected by the endorsement and was innocent of any wrong in the transaction.

Two of the checks were to the order of the Southern Marine Works, and endorsed by Goldman; they need not be considered here, as it is not shown that the defendant had any knowledge

that they were intended for and were in reality the property of the plaintiff company.

This is practically conceded in plaintiff's brief, in which the statement occurs that "while technically it may be said the bank cannot be forced to pay the plaintiff company * * * by payment in this suit a multiplicity of suits would be avoided."

The bank is liable for the check of $122, payable to himself, which Goldman collected.

Payment was at first refused, and properly so, because the check was signed by Goldman alone, and, under instructions, the funds of the company could not be checked against, except on two signatures.

Upon such refusal, Goldman at once telephoned to Coen, president of the plaintiff company, to notify the bank to pay the check, which, he said, was intended for one Dilzell.

Speaking of Coen, Mrs. Lowe, assistant cashier of the Algiers Branch, says:

"He called me up and authorized me to pay a check of the N. O. Scrap Metal Co., with one signature on it, and saying that he would send a letter—that the letter would follow."

The testimony is not clear as to whether the name of the payee was mentioned during the telephone conversation.

The check was paid before the arrival of the written instructions naming Dilzell as the payee, and Goldman got the money.

The bank's action was hasty, and caused the loss; it should have awaited the letter announced by the verbal communication.

Considering the course of dealing between the bank and its depositors and the thorough understanding between them, it is evident that written authority alone could take the place of the missing signature, and, according to our appreciation of the testifony as a whole, such was the clear intent of the parties.

The judgment rejecting plaintiff's claim, except as to the check last mentioned, is correct. Judgment affirmed.

June 15, 1908.

Rehearing refused June 27, 1908.

Writ denied by Supreme Court Aug. 18, 1908.